### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| **Justin Martin Jackson,** ) | Case No. 4:16-cv-3305-MBS-MGB |
| ) | |
| **Jackson,** ) | |
| **v.** ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Neal Flowers, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff Justin Martin Jackson ("Jackson") is a federal pretrial detainee. He has filed this action pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. This matter was referred to the United States Magistrate Judge for initial review. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that this action be **summarily dismissed** without prejudice, and without issuance and service of process, for the following reasons:

### I. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has reviewed this pro se prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff filed this complaint under 28 U.S.C. § 1915, which permits an indigent litigant to bring an action in federal court without prepaying the administrative costs of proceeding with the

action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

**II. Background**

On December 8, 2015, Jackson and nine co-defendants were indicted on federal drug and conspiracy charges. *See United States v. Bruce, et al.*, D.S.C. Case No. 4:15-CR-867-BHH-TER (DE# 1, Indictment charging Jackson in Counts 1 and 18 with violation of 21 U.S.C. § 846 "conspiracy to distribute narcotics" and 21 U.S.C. § 841 "selling, distributing, or dispensing narcotics"). The record reflects that the initial Indictment included forfeiture allegations pursuant to 18 U.S.C. §§ 853 and 881 for money traceable to the drug offenses charged. (*Id*. at 12-13). An arrest warrant was issued. (DE# 19, Order for Bench Warrant, dated December 8, 2015). Jackson was arrested pursuant to such warrant on December 10, 2015. (DE# 40). On that date, Jackson waived his right to a detention hearing, and the Court ordered him detained pending trial. (DE# 64, Order of December 10, 2015). The Indictment was unsealed on such date. (DE# 52). Jackson is currently detained in federal custody at the Florence County Detention Center.

On May 16, 2016, Jackson filed various *pro se* motions in his federal criminal case. (See Case No. 4:15-CR-867-BHH, DE# 243 "motion to set bail for pretrial release;" DE# 244 "motion to substitute attorney;" DE# 284 "motion to dismiss;" and DE# 288 "motion to transfer back to Darlington County Detention Center"). The Court denied the motions, except for the "motion to set bail" which is still pending. On May 19, 2016, the Court appointed a new attorney for Jackson. (*Id*. DE# 262, Order). Thereafter, Jackson obtained his own counsel (Cameron Littlejohn, Jr.). A Superceding Indictment was returned on July 26, 2016, charging Jackson with additional counts, including various firearms charges under 18 U.S.C. §§ 922, 924. (DE# 334). Jackson entered a "not guilty" plea on August 16, 2016. (DE# 345). His federal criminal case is currently pending in the District Court for the District of South Carolina.

Meanwhile, despite being represented by counsel, Jackson filed on June 22, 2016 a *pro se* habeas petition pursuant to 28 U.S.C. § 2241, attempting to re-litigate the four *pro se* motions from

his pending criminal case. (See Case No. 2:16-cv-2099-MBS-MGB, DE# 1-1 at 1, 9, 13, 15, Exs. A-D). The District Court had ruled on such motions, with one exception. (See Case No. 4:15-CR-867-BHH, DE# 254, 262, 285, 289). The attached motions did not present any grounds for habeas relief, and the *pro se* petition was summarily dismissed on August 31, 2016.

On October 3, 2016, Jackson (proceeding *pro se*) filed the present action pursuant to 42 U.S.C. § 1983. (DE# 1). He sues Neal Flowers (described as Darlington County Sheriff), Ben Weatherford (described as Darlington County Sheriff), and the Darlington County Sheriff's Office as Defendants. Jackson complains of a warrantless traffic stop, the search and seizure of his vehicle and person, and his resulting arrest by law enforcement officers. According to Jackson, the charges were later "dismissed" but his property has not been released. He further alleges that, on December 10, 2015, he was arrested without an arrest warrant at a residence. He complains that law enforcements officers confiscated $6,000.00 in cash from him. He contends that "all of the alleged complaints the defendants alleged for both incidents were dismissed." (DE# 1 at 4, ¶ IV "Statement of Claim"). The record plainly reflects that the federal criminal charges against Jackson have **not** been dismissed and are still pending against him. Plaintiff does not identify any other legal proceedings against him.

For relief, Jackson seeks compensatory damages of $100,000 for "each constitutional violation." (DE# 1 at 4). He also seeks the return of his $6,000.00 in cash and his vehicle (which he estimates at a value of $40,000).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009). The United States Supreme Court has emphasized that a plaintiff must do more than make generalized and conclusory statements to state a plausible claim for relief. *Iqbal*, 556 U.S. at 677–79. "A dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment and to be rendered with prejudice." *McLean*, 566 F.3d at 396, citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").

Plaintiff asserts § 1983 claims based on an alleged violation of his Fourth Amendment right to be free of unreasonable search and seizure. Although Jackson alleges that "all of the alleged complaints the defendants alleged for both incidents were dismissed" (DE# 1 at 4, ¶ IV "Statement of Claim"), court records plainly reflect that Jackson's **federal criminal charges are still currently pending**.[1] This Court may take judicial notice of its own records which indicate that the federal charges against Jackson are still pending and have not been "dismissed." Any challenges to the legality of the search and seizure must be considered in the context of a motion to suppress in the pending criminal case, not in this § 1983 action for monetary damages prior to any conviction in the criminal case. Even given the liberal construction afforded to *pro se* filings, Jackson's allegations and claims for monetary damages are not cognizable here.

---

[1] This Court may properly take judicial notice of its own records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' "); *and see, e.g., Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C. Nov. 14, 2012), *adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012) (a court has "the right to take notice of its own files and records"), *appeal dismissed* (4th Circ. 13-1034) (June 26, 2013).

In *Heck v. Humphrey*, the United States Supreme Court explained that:

> In order to recover damages for ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The present case involves claims that are predicated on alleged constitutional violations at issue in a pending federal prosecution. His present § 1983 claims would, if proven, imply the invalidity of any conviction that may result in his federal criminal case. Plaintiff has not yet been convicted, and therefore this § 1983 action does not raise any cognizable claims. This case does not concern any conviction that has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, under *Heck*, this § 1983 case is subject to summary dismissal. *See Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695-96 (4th Cir. 2015) (relying on *Heck* and affirming dismissal of Plaintiff's suit against detectives for damages under 42 U.S.C. § 1983).

To the extent Plaintiff seeks return of property seized by law enforcement officers, the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The constitutional "due process" guarantee is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327,

335-36 n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). In other words, a claim of negligent loss of property is not actionable under 42 U.S.C. § 1983. *Id.*; *and see e.g., Smith v. McCall*, Case No. 1:13–02601–JMC-SVH, 2013 WL 5797709, *2 (D.S.C. Oct. 28, 2013). If Plaintiff's claim for release of his property is based on a theory of negligence, such claim fails. Moreover, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

Moreover, the Indictment in Jackson's pending federal criminal case specifically includes forfeiture allegations pursuant to 18 U.S.C. §§ 853 and 881 for money traceable to the drug offenses charged. *See United States v. Bruce, et al.*, D.S.C. Case No. 4:15-CR-867-BHH-TER (DE# 1 at 12-13). The United States Supreme Court has explained that "[c]riminal forfeitures are imposed upon conviction to confiscate assets used in or gained from certain serious crimes. *Kaley v. United States*, 134 S. Ct. 1090, 1094 (2014) (citing 21 U.S.C. § 853(a)). "Forfeitures help to ensure that crime does not pay: They at once punish wrongdoing, deter future illegality, and lessen the economic power of criminal enterprises." *Id*. Section § 853(e)(1) explicitly authorizes courts to enter pre-trial restraining orders or injunctions against "property described in subsection (a) of this section" (i.e., tainted assets) in order to preserve the availability of forfeitable property while criminal proceedings are pending. *Id*. at 1102; *and see Luis v. United States*, 136 S.Ct. 1083, 1094-95 (March 30, 2016) explaining that "title to property used to commit a crime or otherwise

"traceable" to a crime often passes to the Government at the instant the crime is planned or committed") (citing 21 U.S.C. § 853(c), providing that the Government's ownership interest in property subject to criminal forfeiture relates back to the time of the crime). To the extent Jackson is attempting to challenge the seizure of certain items that may be contraband, proceeds of crime, traceable to crime, or otherwise forfeitable, he may not litigate such seizure here in the context of a § 1983 case prior to his criminal trial and related criminal forfeiture proceedings.

While trial courts may provide a hearing to an indicted defendant seeking to lift an asset restraint to pay for a lawyer, the present Plaintiff does not argue that the subject assets are "legitimate, untainted assets needed to retain counsel." *Luis*, 136 S.Ct. at 1094-95 (distinguishing between a criminal defendant's (1) tainted funds and (2) innocent funds needed to pay for counsel). The record reflects that Jackson has already hired his own counsel in the pending federal criminal case. Like his other claims, his claim for return of seized assets is not cognizable in this § 1983 action. Accordingly, any due process claim in this § 1983 action for alleged deprivation of property fails. The present Complaint should be summarily dismissed.

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without issuance and service of process.

November 15, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Jackson's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).