IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Martin Jackson,                                )<br>                                                               )   C/A No. 4:16-3305-MBS<br>                          Plaintiff,              )<br>                                                               )<br>       vs.                                                  )<br>                                                               )               **O R D E R**<br>Neal Flowers, Darlington County Sheriff;  )<br>Ben Weatherford, Darlington County        )<br>Sheriff, Individual and Official                  )<br>Capacities; Darlington County Sheriff's   )<br>Department,                                           )<br>                                                               )<br>                          Defendants.          )<br>_____) | |

Plaintiff Justin Martin Jackson is a detainee at the Florence County Detention Center in Florence, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on October 3, 2016, alleging that Defendants Neal Flowers and Ben Weatherford of the Darlington County, South Carolina, Sheriff's Department violated his constitutional rights by (1) conducting a traffic stop without a warrant or probable cause, arresting Plaintiff, and confiscating his vehicle; and (2) on another occasion, entering Plaintiff's residence without a warrant, arresting Plaintiff, and seizing funds. Plaintiff alleges any criminal charges against him were dismissed but that Defendants have refused to release his property. Plaintiff seeks return of his property and damages in the amount of $100,000 for each constitutional violation. See 42.U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and applicable precedents. The Magistrate Judge determined that, contrary to Plaintiff's contention,

Plaintiff's criminal charges remain pending,[1] and recovery for damages under § 1983 is prohibited pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Magistrate Judge therefore issued a Report and Recommendation on November 16, 2016, recommending that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. On December 7, 2016, Plaintiff was granted an extension of time until December 27, 2016, to file objections to the Report and Recommendation. Plaintiff filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily

---

[1] See United States v. Jackson, 4:15-cr-0-867-BHH-5.

dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 18, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**